## PROVIDENCE COUNTY.

### ANSON M. BARR et ux. vs. PHANUEL B. CARPENTER.

Parties to an action at law in an inferior court cannot correct errors of the court in such action by resorting to equity proceedings.

Claimants of garnished property became under Pub. Laws R. I. cap. 433, of May 2, 1884, parties to the action in which the garnishment was made. The garnishee was charged and no exception was taken. The claimants then filed a bill in equity against the plaintiff in the action to restrain him from enforcing his judgment against the garnishee.

*Held*, that the bill could not be sustained. For error in law in the action, the remedy is exceptions. For refusal so to hear the claimants as to allow exceptions, the remedy is *mandamus*.

*Query*, whether, in case it becomes needful for the claimants to contradict the garnishee's affidavit, equitable proceedings can be resorted to? Pub. Laws R. I. cap. 433, § 2, of May 2, 1884.

BILL IN EQUITY for an injunction.

*February* 21, 1890. STINESS, J. The bill, plea, and agreed facts set forth that the complainant, Sabrina Barr, having a sum of money deposited in the Providence Institution for Savings, desired to change the deposit so that, in case of her death, her son, Byron H. Spencer, could draw what might remain at her decease. Accordingly the deposit was placed to the credit of said Barr and Spencer, or the survivor of them. Afterwards the respondent Carpenter brought suit against Spencer in the Court of Common Pleas, serving the writ on the bank for the purpose of attaching the money as his property.

Pub. Laws R. I. cap. 433, of May 2, 1884,[1] provide that any person claiming property so attached may, on his own motion,

---

[1] As follows:

" SECT. 1. Whenever the personal estate of any defendant is attached on trustee process, any person claiming said personal estate, under an assignment or otherwise, may, on his own motion, become a party to the action, so far as respects the title to said personal estate.

" SECT. 2. The answer sworn to by a trustee shall be considered true in deciding how far said trustee is chargeable, but either party to the suit, or any claimant of the estate so attached, may allege and prove any facts not stated nor denied by said trustee that may be material in so deciding."

become a party to the action, so far as respects the title to such personal estate. The complainants appeared before the Court of Common Pleas, and by petition claimed the right to be heard as to the ownership of the fund, which, it is averred, the court denied, and charged the garnishee as the trustee of Spencer. To this action of the court no exception was taken. The complainants now seek to restrain the defendant from proceeding further, under the judgment of the Court of Common Pleas, in regard to the attachment. In other words, they seek by this bill to correct an alleged error of an inferior court in a suit at law to which they were parties. This cannot be done. It is, of course, beyond question that parties to a suit are bound by the judgment of a court of competent jurisdiction. By the terms of the statute the complainants became parties to the action, upon their own motion. If the Court of Common Pleas erred in its rulings upon a question of law, which is all that is set forth in the replication to the plea, the usual complete and proper remedy is by exception, or petition for new trial. It would produce great confusion to allow alleged errors of law to pass without exception, and then to become the ground of proceedings in equity. If a court should refuse to recognize or hear claimants as parties, in such manner as to preclude exception, *mandamus* may be sought to correct judicial inaction. The case presents this peculiarity : while under cap. 433, § 1, the claimant may become a party to the attachment suit, so far as respects the title to the property attached, he is allowed, under § 2, only to allege and prove facts not stated nor denied by the trustee in his affidavit. If therefore, to establish his claim, it is necessary to contradict the affidavit, he has no remedy under the statute. Whether in such case he would have a remedy by bill in equity we need not now decide, for the pleadings do not set forth a different state of facts from that shown in the affidavit of the trustee. The complainants simply aver that the court below, admitting all the facts relative to the deposit, as now claimed by them in their bill, erred in its ruling that it was attachable as the property of Spencer.

This is no ground of equitable jurisdiction, and the plea must therefore be sustained. See Story Eq. Juris. §§ 897, 1572 ; Free-

man on Judgments, §§ 485, 487 ; High on Extraordinary Legal Remedies, § 152.

*Charles H. Page, Charles M. Salisbury & Franklin P. Owen,* for complainants.

*Benjamin W. Smith,* for respondent.